**John William ROWLEY, Petitioner,**

v.

**C. C. PEYTON, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–36–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

June 19, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by John W. Rowley, Jr., a state prisoner, pursuant to 28 U.S.C. § 2254.

Petitioner is now detained in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of Wythe County of July 27, 1966, wherein petitioner was convicted of attempted rape and sentenced to ten years imprisonment. At his trial petitioner was represented by court-appointed counsel. Petitioner waived his right to trial by jury and entered a plea of guilty.

A habeas corpus hearing was conducted by the sentencing court on May 18, 1967. Petitioner was represented by court-appointed counsel and afforded an opportunity to present testimony in his own behalf. The writ was denied by order entered May 29, 1967. On January 17, 1968 petitioner's writ of error was denied by the Supreme Court of Appeals of Virginia.

Petitioner now seeks a writ of habeas corpus from this court upon the following grounds:

(1) Petitioner was coerced into entering a plea of guilty by his court-appointed counsel.

(2) Petitioner has been denied the equal protection of the laws in that "he has been singled out for an especially harsh judgment upon such a slim charge, while persons with similar charges have been allowed the more favorable judgments" and he "has been deprived of the access to the transcript of the evidence, while the court * * * and police officials have full and free access to such records."

(3) Petitioner has been the victim of political oppression during both his trial and imprisonment.

■ Having reviewed the transcript of the state habeas corpus hearing, the court is convinced that it was a "full and fair" evidentiary hearing within the meaning of Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The transcript of the petitioner's trial is also before the court. The record is therefore an adequate basis upon which to rest this decision and there is no need for a plenary hearing before this court.

With regard to his second and third allegations, petitioner has not alleged a single fact in support of either contention. At the state evidentiary hearing both of these grounds were abandoned, presumably because of the lack of any factual substantiation. Both of these contentions are obviously frivolous and warrant no further comment.

There is also no merit to petitioner's allegation that his plea of guilty was coerced by his court-appointed attorney. An examination of the trial transcript reveals that, due to petitioner's limited intelligence,[1] the trial court discussed in considerable detail with petitioner the charges against him, the consequences of a guilty plea should one be entered and, when petitioner indicated his desire to enter such a plea, the voluntariness of that plea. Concerning the latter point, the following exchange is relevant:

THE COURT: Have you been induced by any threats, promises or offers of reward to plead guilty? Have you been threatened by anyone?

MR. ROWLEY: (Shakes head indicating negative answer.) * * *

MR. GLEAVES: The Judge wants to know if anyone has promised you anything. There have been no promises made to you?

MR. ROWLEY: No.

---

1. Prior to his trial, petitioner was committed to Southwestern State Hospital for observation and report and was pronounced competent to stand trial.

\* \* \* \* \* \*

THE COURT: Are you pleading guilty for any reason other than the fact that you are guilty of the two offenses as charged by the indictment?

MR. ROWLEY: (Nods head indicating affirmative answer.)

MR. GLEAVES: You are not pleading guilty for any reason other than the fact that you are guilty, isn't that right?

MR. ROWLEY: Yes.

The transcript of the state habeas corpus proceeding reveals the following exchange between Mr. Gleaves, petitioner's court-appointed counsel at trial, and counsel for the respondent:

Q. Now do you recall, Mr. Gleaves, discussing the plea that the petitioner would enter?

A. Yes, sir, I explained as best I could to him what he was charged with; what punishment could be imposed under each offense; that he had a right to a trial by jury, or possibly it could be tried upon a plea of not guilty before the Judge, or that he could enter a plea of guilty before the Judge.

Q. And did you have a recommendation also?

A. Yes, I did. *The decision was left entirely with him*, but it was my recommendation to him \* \* \* that he \* \* \* plead guilty under the circumstances.

Q. And this was based on \* \* \* the evidence offered at the preliminary hearing and your investigation, is that correct?

A. That's correct, sir. [emphasis supplied]

The transcript of the state habeas proceedings further reveals that Mr. Gleaves made a thorough examination of the case and that, under the circumstances, his recommendation to petitioner was entirely proper.

 It thus appears to the court that petitioner's plea of guilty was entirely the product of his own volition. Although he was afforded a full and fair evidentiary hearing in which to do so, petitioner has offered no evidence whatsoever, other than his own unsupported allegation, that his plea of guilty was coerced. Accordingly, this charge must be rejected.

For the reasons stated above none of petitioner's contentions provide an adequate basis for relief, and, therefore, it is adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.